# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2010

No. 09-51171
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CARLOS RENE GOMEZ-MURILLO,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-744-1

Before KING, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Carlos Rene Gomez-Murillo (Gomez) pleaded guilty to illegal reentry after deportation and now appeals his 30-month within-guidelines range sentence of imprisonment. Gomez argues that the sentence imposed is substantively unreasonable for several reasons.

Because Gomez did not object to the reasonableness of his sentence, we review for plain error. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007). We have rejected Gomez's argument that by effectively "double-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counting" the criminal history of illegal immigrants the applicable guidelines range overstates the risk of recidivism and the seriousness of the offense. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). Gomez concedes that his contention that his within-guidelines range sentence should not be afforded a presumption of reasonableness because United States Sentencing Guideline § 2L1.2 is not supported by an empirical basis is foreclosed. *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S.Ct. 192 (2009).

Gomez also asserts that his sentence is substantively unreasonable because it does not properly account for his mitigating history and characteristics, including his motives for returning to the country. However, the district court concluded that the sentence was appropriate in light of all of the 18 U.S.C. § 3553(a) factors, and this court must give deference to that conclusion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Gomez fails to rebut the presumption of reasonableness afforded his within-guidelines sentence, *see United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006), and has not demonstrated plain error. *See Peltier,* 505 F.3d at 391-92. Accordingly, the judgment of the district court is AFFIRMED.